ORIGINAL

EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Drug/Organized Crime Section

BEVERLY WEE SAMESHIMA #2556
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: Beverly.Sameshima@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 0 3 2006

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 05-00358 SOM |
| Plaintiff, ) | MEMORANDUM OF PLEA AGREEMENT |
| vs. ) | Date: May 3, 2006 |
| MARK CAIRES, ) | Time: 3:30 p.m. |
| Defendant. ) | Judge: Kevin S. Chang |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, MARK CAIRES, and his attorney, Michael Green, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment with two counts: Count 1 - alleging conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers

and a quantity of cocaine in violation of Title 21, United States Code, Section 846; and Count 2 - knowing and intentional attempt to possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers and cocaine in violation of Title 21, United States Code, Section 846.

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.

3. Defendant fully understands the nature and elements of the crimes with which he has been charged.

4. Defendant will enter a voluntary plea of guilty to Count 1 of the Indictment charging him with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers and a quantity of cocaine in violation of Title 21, United States Code, Section 846. The prosecution agrees to dismiss Count 2 of the Indictment as to Defendant after sentencing.

5. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. Defendant enters this plea because he is in fact guilty of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts,

isomers and salts of its isomers and a quantity of cocaine and agrees that this plea is voluntary and not the result of force or threats.

      7.   Defendant understands that the penalties for the offense to which he is pleading guilty include:

      a.   up to life imprisonment and a fine of up to $4,000,000, plus a term of supervised release of not less than five years and up to life as to Count 1, and

      b.   a minimum term of imprisonment of ten years as to Count 1, plus a term of supervised release of not less than five years and up to life.

      c.   At the discretion of the Court, Defendant may also be denied any or all federal benefits, as that term is defined in 21 U.S.C. § 862, (a) for up to five years if this is Defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is Defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is Defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the Defendant is permanently ineligible for all federal benefits, as that term is defined in 21 U.S.C. § 862(d). In addition, the Court must impose a $100 special assessment as to each count to which the

Defendant is pleading guilty. Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

        8.    Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

        a.    On August 16, 2005, Kona Vice Officer Thomas Shopay was contacted by personnel at the FedEx office at the Kona International Airport about a FedEx parcel received that day addressed to "Kona Coffee Villas, 71-9199 Mama Lahoa Hwy., Apt. #350, Holualoa, Hawaii 96725." The FedEx driver for that area advised Officer Shopay that the address for Kona Coffee Villas was incorrect. There was no phone number of address for the parcel and the sender was listed as "Maria Sanchez, 5120 Beach Blvd, La Habra, California." There was no sender phone number or zipcode.

        b.    Further investigation revealed that there was no such Beach Blvd address in La Habra, California. That same

day, the parcel was examined by a certified narcotics canine who positively alerted on the parcel, indicating the possible presence of controlled substances within the parcel. On August 16, 2005, Circuit Court Judge Joseph Florendo, Jr. issued a search warrant for the subject parcel. A total of approximately 266.6 grams of methamphetamine and 244.2 grams of cocaine were recovered from within the parcel.

    c. On August 17, 2005, Magistrate Judge Leslie E. Kobayashi issued a Beeper Warrant and Anticipatory Search Warrant for Unit 350 at Kona Coffee Villas, located at 79-7199 Mamalahoa Highway. The parcel was repacked with an electronic monitoring device and pseudo drugs. The contents were also dusted with a flourescent powder which is invisible to the naked eye.

    d. On August 18, 2005, the parcel was delivered to Unit 350 at the Kona Coffee Villas Unit 350 by an officer acting as an undercover FedEx employee. A male answered and accepted delivery of the parcel. The male advised the officer that he was accepting the parcel for his neighbor at Unit 349 located on the opposite side of the stairway. Later that evening, surveillance officers observed the male leave his apartment with the parcel and deliver it to another individual in Unit 349.

    e. Officers in the parking lot fronting Unit 350 observed the Defendant exit a vehicle which entered the parking

5

lot and enter Unit 349. Shortly thereafter Defendant exited Unit 349 carrying a white plastic bag and reentered the vehicle which left the parking lot and proceeded onto Route 180. Based upon their monitoring of the beeper, the officers determined that the parcel had left the Kona Coffee Villas. Officers followed the vehicle which was traveling at a high rate of speed. The officers lost sight of the vehicle but eventually located it near the Kailua Village Condominiums. Defendant and another occupant of the vehicle were arrested.

   f. After waiving his Miranda rights, Defendant advised the officers that he went to the Kona Coffee Villas because he was asked to pick up a drug parcel by another individual. Defendant intended to deliver the parcel which he expected to contain drugs to the individual. The Defendant opened the parcel in the vehicle and after realizing that the drugs were pseudo drugs, threw the parcel out the window. Based upon this statement, officers retraced their steps and located the parcel in a gully near the Old Mamalahoa Highway.

   g. The original contents of the parcel were submitted to the DEA Southwest Laboratory for analysis by a forensic chemist employed at the Southwest Laboratory with the following results:

| Exhibit | Substance | Quantity | Purity |
|---------|-----------|----------|--------|
| 1 | d-methamphetamine HCl | 220.8 grams | 98% |
| 2 | cocaine HCl | 223.8 grams | |

      h.  Defendant does not dispute the results of the laboratory analysis as set forth in paragraph 8g herein and stipulates that the laboratory results are accurate. Defendant does not dispute the quantity or purity of the methamphetamine identified as Exhibit 1 as determined by the DEA forensic chemist.

      i.  Defendant admits that the controlled substances identified as Exhibits 1 are 2 are involved in the conspiracy and are attributable to the Defendant and are controlled substances for which he is responsible. Defendant further admits that these amounts shall be used in calculating his base offense level under Sentencing Guideline Section 2D1.1.

      9.  Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

      10.  Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate

to the following for the purpose of the sentencing of Defendant in connection with this matter:

      a. The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if Defendant is otherwise eligible. The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

      11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

      12. The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code,

Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

      a. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that Defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

      b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

      c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of

the grounds stated in Title 18, United States Code, Section 3742(b).

13. The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

14. The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

15. Defendant understands that by pleading guilty, he surrenders certain rights, including the following:

    a. If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be

conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

    b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

    c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

    d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses

for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

   e. At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

   f. At a trial, Defendant would have a right to have the jury determine beyond a reasonable doubt the quantity and weight of the controlled substances charged in the Indictment.

  16. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.  Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

  17. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

  18. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

19. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

20. The Defendant further agrees to be bound by this plea agreement and <u>not</u> to seek a withdrawal of the guilty plea that he intends to enter or to withdraw from this plea agreement.

21. Notwithstanding the previous paragraph, if, after signing this memorandum of plea agreement, the Defendant nonetheless decides not to plead guilty as provided herein, or if the Defendant pleads guilty but subsequently makes a motion before the Court to withdraw from the plea agreement and the Court grants that motion, the Defendant agrees that any statements that he makes to law enforcement agents or to the United States Attorney's Office for the District of Hawaii may be used against him in any trial brought against the Defendant. The Defendant further agrees that any admission of guilt that he makes by signing this plea agreement or that he makes while pleading guilty as set forth in this agreement may be used against him in a subsequent trial if the Defendant later proceeds to trial. The Defendant explicitly waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure

and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this plea agreement or during the course of pleading guilty when the guilty plea is later withdrawn.

  22. The Defendant agrees that he will fully cooperate with the United States.

    a. He agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving co-defendants and others indicted later in the investigation, and related civil proceedings.

    b. Defendant agrees to be available to speak with law enforcement officials and to representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, but he understands she may have his counsel present at those conversations, if he so desires.

    c. Defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes in this Indictment or any subsequent charges related to this investigation, at which the prosecution requests him to testify.

    d. Pursuant to § 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating

information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under § 1B1.8(b) of the Sentencing Guidelines.

23.  In the event that the Defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after Defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case in chief in the trial of the Defendant in this matter.  Defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

24.  Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense.  Pursuant to Title 18, United States Code, Section 3553(e), the prosecution may also move the Court to impose a sentence below the level established by statute as a minimum sentence for Count 1 on the ground that Defendant has provided substantial assistance in the investigation or

prosecution of another person who has committed an offense. Defendant understands that:

        a.    The decision as to whether to make such a request or motion is entirely up to the prosecution.

        b.    This Agreement does not require the prosecution to make such a request or motion.

        c.    This Agreement confers neither any right upon the Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

        d.    Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

        DATED: _____, at Honolulu, Hawaii.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____      _____
FLORENCE T. NAKAKUNI                 MARK CAIRES
Chief, Drug/Organized                 Defendant
Crime Section

_____      _____
BEVERLY WEE SAMESHIMA               MICHAEL GREEN, ESQ.
Assistant U.S. Attorney              Attorney for Defendant